UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUY AND LORENA COLSTON ) | Case No. 1:11-cv-01747-WHP |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **PLAINTIFF'S FIRST AMENDED** |
| ) | **COMPLAINT** |
| ) | |
| ALLIANCEONE RECEIVABLES ) | |
| MANAGEMENT, INC. ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this district, where Plaintiffs reside in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiffs, Guy and Lorena Colston ("Plaintiffs"), are natural persons

who at all relevant times resided in the State of New York, County of New York, and City of Queens Village.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, AllianceOne Receivables Management, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due,

or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant contacted Plaintiff Lorena Colston via cellular telephone call in connection with the collection of an alleged debt from Plaintiff Guy Colston, and at such time, Plaintiff Lorena Colston demanded that Defendant cease all contact to her cellular telephone.

14. However, Defendant continued to cause Plaintiffs' cellular telephone to ring continuously and repeatedly knowing such conduct to be inconvenient to Plaintiffs. (15 U.S.C. §§ 1692c(a)(1), 1692d(5)).

15. Defendant, via its agent and/or employee "Jason," placed a call to Plaintiff Lorena Colston's cellular telephone in connection with the collection of debt, and at such time, Plaintiffs informed Defendant to stop calling or Plaintiffs would report Defendant's harassment to the appropriate authorities.

16. Plaintiffs then terminated the call, only to have Defendant immediately call back to taunt, mock and laugh at Plaintiffs, the natural consequences of which was to harass and abuse Plaintiffs. (15 USC §§ 1692d(2)).

17. Defendant placed non-emergency calls to Plaintiffs' cellular telephones, without the prior express consent of Plaintiffs, using an automatic

telephone dialing system, including, but not limited to, calls on:

    August 23, 2010 @ 11:53 A.M.

    August 31, 2010 @ 9:58 A.M., 9:59 A.M.

    September 15, 2010 @ 10:33 A.M.

    October 18, 2010 @ 2:08 P.M., 4:46 P.M.

    October 19, 2010 @ 3:08 P.M.

    November 22, 2010 @ 7:00 P.M.

    (47 U.S.C. 227(b)(1)(A)(iii)).

18. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel, including, but not limited to, calls on:

    March 24, 2011 @ 5:16 P.M.

    March 23, 2011 @ 9:41 A.M.

    March 14, 2011 @ 8:36 A.M.

    February 28, 2011 @ 10:06 A.M.

    (15 U.S.C. § 1692c(a)(2).

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation,

embarrassment, mental aguish and/or emotional distress.

## COUNT I
## GUY COLSTON V. ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

20. Plaintiffs repeat and re-alleges each and every allegation contained above.

21. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## LORENA COLSTON V. ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

22. Plaintiffs repeat and re-alleges each and every allegation contained above.

23. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## GUY COLSTON V. ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

24. Plaintiffs repeat and re-alleges each and every allegation contained above.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT IV
## LORENA COLSTON V. ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

26. Plaintiffs repeat and re-alleges each and every allegation contained above.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

g) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

h) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

i) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

j) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. §

227(b)(3)(B);

k) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

l) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

28. Plaintiffs are entitled to and hereby demands a trial by jury.

This 7th day of June, 2011.

ATTORNEYS FOR PLAINTIFFS
*Guy and Lorena Colston*

Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**
Attorneys for Plaintiffs
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

**Weisberg & Meyers, LLC**
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**

        Attorneys for Plaintiffs
        5025 N. Central Ave. #602
        Phoenix, AZ 85012

Filed electronically on this 7th day of June, 2011, with:

United States District Court CM/ECF system

Copy mailed on this 7th day of June, 2011, to:

Jay Winston, Esq.
Winston & Winston, P.C.
295 MADISON Avenue
Suite 930
NEW YORK NY 10017


s/Tremain Davis_
Tremain Davis